UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES BLANKENBAKER, )<br>BLANKENBAKER PROPERTY )<br>MANAGEMENT, LLC, )<br>          )<br>    Plaintiffs, )<br>          )<br>    vs. )<br>          )<br>INDIANAPOLIS POLICE OFFICER NOBLE )<br>DUKE, an individual, INDIANAPOLIS )<br>POLICE OFFICER LORENZO LEWIS, and )<br>individual, INDIANAPOLIS POLICE )<br>OFFICER ROBERT ALLEN, an individual, )<br>INDIANAPOLIS POLICE DEPARTMENT, a )<br>municipality, CITY OF INDIANAPOLIS, a )<br>municipality, )<br>          )<br>    Defendants. ) | 1:06-cv-1853-JDT-WTL |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS (Doc. #17)**[1]

      Plaintiffs James Blankenbaker and Blankenbaker Property Management, LLC (hereinafter jointly "Blankenbaker") have their offices at 3549 N. Sutherland Avenue, Indianapolis, Indiana, part of a multiple unit commercial development. Blankenbaker owns the units at 3549, 3551 and 3561 N. Sutherland Avenue. In the summer of 2004, Blankenbaker rented 3551 and 3561 Sutherland Avenue to the Naptown Riders, a local motorcycle club. No access to 3551 or 3561 could be had directly from Blankenbaker's offices at 3549.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

In July 2005 shootings occurred in the neighborhood around N. Sutherland Avenue.  As a result, the police met with Blankenbaker and representatives of the Naptown Riders on July 25, 2005.  More specifically, Defendant Police Officers Lorenzo Lewis and Robert Allen attended a meeting at 3561 N. Sutherland to discuss police suspicions that members of the Naptown Riders were involved in the recent shootings.  At that time, James Blankenbaker showed Officer Lewis the three Blankenbaker properties and noted to both Officer Lewis and Officer Allen the inability of direct access between 3551 and 3561 and the Blankenbaker offices in 3549.

On July 29, Defendant Officer Noble Duke successfully sought issuance of a "no-knock" search warrant for the premises at 3549, 3551 and 3561 N. Sutherland Avenue.  In the probable cause affidavit which accompanied the request for the search warrants, Officer Duke represented that he had spoken with Officer Lewis, who had been at the properties and who represented that all three properties were accessible to one another and under the control of the Naptown Riders.  The search warrants were sought in connection with both the investigation of ongoing gun violence and the illegal sale of alcohol at the premises.  On July 30, 2005, at 1:45 a.m. police executed the no-knock warrants for illegal sales of alcohol at all three properties.  Some arrests for misdemeanors were made and some property was seized.

Plaintiffs maintain that the safe in 3549 was pried open and a checkbook seized.  They also claim that other property at that location was damaged in the course of executing the warrants.  Despite the lack of any direct connection between 3549 and the other two properties and the lack of any evidence of criminality found at the 3549

location, Plaintiffs claim that police gave a press conference in which the 3549 location was discussed in a manner which suggested that criminal activity was occurring there.

Plaintiffs first filed a notice of tort claim on August 16, 2005, as required under the Indiana Tort Claims Act, Ind. Code § 34-13-3-1, in order to pursue a claim against a political subdivision of the state. They have since filed this lawsuit which asserts liability against the City of Indianapolis, its police department and the individual officers involved under state law tort theories and under 42 U.S.C. § 1983. The Defendants have filed a motion seeking to have the Complaint dismissed under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted. For the reasons discussed in this entry, Defendants' motion has merit with respect to the dismissal of the Indianapolis Police Department as a named defendant and the dismissal of any state law claims against the individual police officers.

### *Standard of Review*

The standard of review for a Rule 12(b)(6) motion to dismiss for failure to state a claim is stringent. Under federal notice pleading, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). As the Supreme Court directed lower courts long ago, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 645 (7th Cir. 2006). When ruling on a 12(b)(6) motion, the court

must view the complaint in the light most favorable to the plaintiff and take the allegations of the complaint as true. *Massey*, 464 F.3d at 645. Accordingly, the factual circumstances set forth at the start of this entry should not be considered as proven, but only as the circumstances in existence according to the allegations in Plaintiffs' Complaint.

### *Discussion*

In their Motion to Dismiss, Defendants contend that both the state law claims and the claim under 42 U.S.C. § 1983 should be dismissed. This court first examines Defendants' assertions with regard to the § 1983 claim, as that is the claim upon which the original jurisdiction of this court is premised. If the § 1983 claim is dismissed and the court is left only with state law claims, for which little to no judicial resources have been spent, it may be wise for the court to utilize its discretion and decline to exercise supplemental jurisdiction over those claims. 28 U.S.C. § 1367; *see also Williams Elecs. Games, Inc. v. Garrity*, Nos. 05-4006, 05-4010, slip op. (7th Cir. Mar. 19, 2007) (discussion of when a district court should exercise supplemental jurisdiction over state law issues after federal questions have been disposed of).

Defendants first claim that the Indianapolis Police Department is not a "suable entity" for purposes of § 1983. They contend it is merely an arm of the city government which executes and fulfills the policy mandates of the municipality. In other words, it is one in the same with the City of Indianapolis, which is the properly named Defendant. Plaintiffs have agreed with this proposition in their response, which makes the court's

ruling on this issue easy. The Indianapolis Police Department should not remain a named defendant in this matter.

Defendants next allege that the Plaintiffs have failed to put forth sufficient allegations to warrant the continued prosecution of a § 1983 claim against the City of Indianapolis. According to Defendants, the Complaint is insufficient because it does not set out facts that would suggest that an unconstitutional municipal custom or policy was being followed or enforced, and the same is required to hold a municipality liable under § 1983 for the acts of its employees. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

To survive a motion to dismiss for failure to state a claim, a pleading need only contain allegations sufficient to allow the court and defendants to understand the gravamen of the plaintiff's complaint. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). In the case a bar, Blankenbaker asserts in the Complaint that the police officers knew that false information was being provided in connection with the pursuit of the search warrants, but, pursuant to custom and policy, they continued to proffer false information to the judicial officer, without any attempt to correct, in order to assure that the warrants would issue. This is a bold and shocking allegation which, if proven, would support municipal liability under § 1983. Defendants are correct that the successful prosecution of such a claim against the City requires the proof of factual circumstances well beyond what has been pled in the Complaint. However, there is no question that at this stage, the court and Defendants know the gravamen of Blankenbaker's grievance.

Dismissal of the City is not warranted at this point and federal question jurisdiction still exists.

Defendants take a different tact with regard to the claims against the individual police officers. They remain silent with regard to the § 1983 claims as applied against the officers, but attack the state law tort claims, arguing that the Indiana Tort Claims Act makes its clear that a plaintiff cannot pursue both the City and the officers if the actions of the officers were in the course and scope of their employment. Defendants also claim that the City and the officers are entitled to immunity under Ind. Code § 34-13-3-3(8), which exempts from liability any government entity or employee acting within the scope of employment if the loss results from law enforcement, other than false arrest.

Blankenbaker responds by arguing that these are affirmative defenses which are subject to proof later and which a plaintiff need not "plead around" in a complaint. Blankenbaker is correct in saying that a plaintiff need not anticipate affirmative defenses. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). However, a plaintiff can plead itself out of court, if in the course of its pleading it admits all the ingredients of an impenetrable defense. *Id.* In the case at bar, Blankenbaker has done just that with respect to its state law claims against the officers in their individual capacities.

"A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Ind. Code § 34-13-3-5(b). Blankenbaker's Complaint asserts that the actions of the officers

were all in the course of their investigation into local gunfire and illegal alcohol sales, which is certainly in the scope of their employment.  Further, Blankenbaker contends that the specific acts complained of were a part of the officers carrying out a custom and policy of the municipality to obtain search warrants with misinformation if necessary to the investigation.  All of this makes it clear that no state law claim can be pursued against the officers individually, which is how they are named here.  Consequently, the state law claims should be dismissed as against the individual officers.  The state law claim against the City may bow to an immunity defense at some point, but the Plaintiffs have not pled themselves out of court on that claim.

### *Conclusion*

The parties agree that the Indianapolis Police Department is simply an arm of the City of Indianapolis and therefore improperly named as a Defendant in this lawsuit.  Plaintiffs' Complaint contains allegations sufficient to sustain a claim under 42 U.S.C. § 1983 against all other Defendants.  Plaintiffs' Complaint alleges that the individual police officer defendants were negligent in certain actions taken in the course of their employment, which amounts to an admission of fact sufficient to provide the officers with a statutory defense against a state law action under Ind. Code § 34-13-3-5(b).

Accordingly, Defendants' Motion to Dismiss (Document #17) is **GRANTED IN PART** and **DENIED IN PART**.  All claims against the Indianapolis Police Department

are dismissed and any state law claims against Defendants Noble Duke, Lorenzo Lewis and Robert Allen are dismissed as well.  The case will proceed on all other claims.

ALL OF WHICH IS ENTERED this 30th day of March 2007.

                                                    John Daniel Tinder, Judge
                                                    United States District Court

Copies to:

Ellen M. Corcella
CORCELLA & KING LLC
corcellasolutions@gmail.com

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jfk@rucklaw.com

James B. Osborn
OFFICE OF CORPORATION COUNSEL
josborn@indygov.org

John C. Ruckelshaus
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jcr@rucklaw.com

Ian L. Stewart
OFFICE OF CORPORATION COUNSEL
istewart@indygov.org

Kathleen M. Sweeney
kathleen@sweeneyslaw.com